# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0192-23

IN THE MATTER OF THE
EXPUNGEMENT OF THE
CRIMINAL RECORDS OF J.G.K.

_____

Submitted December 17, 2024 – Decided March 7, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. XP-21-025634.

Gibbons PC, attorneys for appellant (Lawrence S. Lustberg, Anne M. Collart, and Stephen J. Marietta, on the briefs).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Petitioner J.G.K. appeals from a February 27, 2023 order denying his petition to expunge his criminal convictions, and an August 7, 2023 order granting reconsideration, but again denying expungement. Having reviewed the

record, we vacate both orders and remand the matter for a new consideration of his expungement petition with a hearing.

I.

The basic facts concerning petitioner's criminal convictions are not in dispute. In June 2011, petitioner, then a licensed New Jersey attorney, attended a bar association function, became intoxicated, and had an argument with his girlfriend. As he was driving home, petitioner's car struck a seventeen-year-old man who was walking near the road.

Petitioner did not stop his car; rather, he drove away without investigating what or who his car had struck. The pedestrian was severely injured.

The following day, petitioner convinced a friend, who had worked for petitioner, to tell authorities that the friend was driving the vehicle the night before. Petitioner also incorrectly told his friend that he would likely be given pretrial intervention or probation. Petitioner and the friend developed a false story to tell authorities.

Petitioner then contacted an assistant prosecutor and told him that the friend had informed petitioner that he thought he had struck a garbage can. The friend, thereafter, told law enforcement personnel that he had been driving the

2

vehicle. Four days later, however, petitioner confessed that he was the person driving the vehicle that struck the pedestrian.

In 2012, petitioner pled guilty to three crimes: (1) second-degree hindering his own prosecution, N.J.S.A. 2C:29-3(b)(3); (2) third-degree knowingly leaving the scene of a motor vehicle accident resulting in serious bodily injury, N.J.S.A. 2C:12-1.1; and (3) third-degree tampering with a witness, N.J.S.A. 2C:28-5(a)(1). That same year, petitioner was sentenced to serve six years in prison. Petitioner was also suspended from the practice of law.

In October 2013, petitioner was released from prison on parole. He completed parole on August 26, 2015.

Six years later, on August 30, 2021, petitioner applied to expunge his three criminal convictions and related criminal history under the expungement statute (the Act), N.J.S.A. 2C:52-1 to -32.1. Specifically, petitioner sought to expunge the record of his arrest, the resulting charges, and his convictions in accordance with N.J.S.A. 2C:52-2(a), which allows for expungement of criminal records if a person "has been convicted of multiple crimes . . . all of which are listed in a single judgment of conviction."

A-0192-23

In his supporting certification, petitioner attested that he had not been arrested or convicted of any other criminal offenses, he had not been charged with any new or pending criminal offenses, and more than five years had elapsed since he had completed parole.

The State first responded to petitioner's application over a year later, on November 16, 2022. At that time, the State objected to the expungement, asserting that "[p]etitioner's indictable conviction precludes any other convictions from being expunged" and that "[p]etitioner fail[ed] to include required information" in his petition. In two supplemental addendums filed in December 2022 and February 2023, the State added that the "need for the availability of [petitioner's] records outweigh[ed] the desirability of having [him] free from any disabilities that having a criminal record would cause." Petitioner's counsel represents that they never received the State's objections at the time that they were submitted to the court.

On February 27, 2023, the Law Division entered an order denying petitioner's expungement application. The court did not hold a hearing, nor did it provide a written statement of its findings of facts and conclusions of law. Instead, the order stated:

> HAVING FOUND that in accordance with N.J.S.A. 2C:52-14(b), the need for the availability of the records

4

outweighs the desirability of having [petitioner] freed from any disabilities that having a criminal record would cause. The facts surrounding this matter evidence the need for the availability of these records, specifically that this individual attempted to have his employee take responsibility for his crime.

On March 20, 2023, petitioner filed a motion for reconsideration. In support of that motion, petitioner represented that after his release from prison in 2013, he had dedicated himself to reform and advocacy work, focusing on prisoner reentry programs and criminal justice reform. He became a prominent figure in promoting employment-based reentry services, delivering lectures and speaking at various institutions. He also partnered with the Hope One Initiative, where he educated high school students about the dangers of drunk and distracted driving.

In addition, petitioner documented how his past criminal record was accessible through various media outlets including YouTube, Reuters, and the New York Times. Petitioner also explained that he frequently spoke publicly about his criminal history and how he had worked to turn his life around since his 2012 convictions.

On August 7, 2023, the Law Division issued an order and written opinion denying defendant's petition for expungement after reconsideration. The court made its findings based on the written submissions and without a hearing.

A-0192-23

In its opinion, the court explained that it was granting reconsideration and had considered the materials presented by petitioner. The court then stated that it was denying expungement because "[t]he need to make [petitioner's] criminal history record available outweigh[ed] the desirability of an expungement because [petitioner] was disbarred for [his] offenses and [for] violating New Jersey Rule of Professional Conduct 8.4(b)." In that regard, the court reasoned that because petitioner had been an attorney at the time of the incident in 2011, petitioner was "'bound . . . to a more rigid standard of conduct than required of a [layperson],'" and that petitioner had committed an "'egregious violation of public trust by drinking and driving and then attempting to obstruct justice.'" The court also noted that petitioner had "use[d] his position of power to persuade [his friend] to take responsibility . . . [and] gave inaccurate legal advice to [his friend] concerning the sentence he would receive." Finally, the court reasoned that petitioner "in no way assisted with the investigation of [the] incident . . . [and] did everything in his power to obstruct the investigation into the incident."

Petitioner now appeals from the two orders denying his application for expungement.

6

II.

Petitioner makes two arguments on this appeal. First, he contends that the trial court incorrectly applied the statutory requirement that there was a need for public availability of the records under N.J.S.A. 2C:42-14(b). Second, he asserts that the trial court improperly considered that he was an attorney at the time of his crimes and improperly held him to a higher standard because of his prior profession.

"Expungement of a criminal conviction 'offers a second chance to rehabilitated offenders who have made a commitment to lead law-abiding lives.'" In re Petition for the Expungement of the Crim. Recs. Belonging to T.O., 244 N.J. 514, 523 (2021) (quoting In re T.B., 236 N.J. 262, 267 (2019)). Expungement in New Jersey is governed by the Act. N.J.S.A. 2C:52-1 to -32.1.

A petitioner who applies for expungement has the initial burden to satisfy the requirements of the Act by a preponderance of the evidence. In re T.O., 244 N.J. at 524. In that regard, petitioners must present a verified petition establishing certain facts. See N.J.S.A. 2C:52-7 to -8. Among the representations that a petitioner must establish are that he or she does not "otherwise have any subsequent conviction for another crime or offense in addition to those convictions included in the expungement application, whether

any such conviction was within this State or any other jurisdiction," and more than five years have elapsed from petitioner's "most recent conviction, payment of any court-ordered financial assessments, satisfactory completion of probation or parole, or release from incarceration." N.J.S.A. 2C:52-2(a), 2C:52-8. There is no dispute that petitioner's application established all the eligibility requirements for expungement under the Act.

Once a petitioner satisfies his or her burden, it "'shifts to the State to demonstrat[e] by a preponderance of the evidence that there is a statutory bar or that the petition should not be granted.'" In re T.O., 244 N.J. at 524-25 (quoting In re D.H., 204 N.J. 7, 18 (2010) (internal quotation marks omitted)).

Section 14 of the Act outlines the grounds for the denial of expungement. N.J.S.A. 2C:52-14. The only ground relied upon by the trial court was subsection (b), which provides that the petition can be denied if "the need for the availability of the records outweighs the desirability of having a person freed from any disabilities as otherwise provided in" the Act. N.J.S.A. 2C:52-14(b).

The Act also provides for a "hearing of the matter." N.J.S.A. 2C:52-9. Specifically, the Act states: "Upon the filing of a petition for relief pursuant to this chapter, the court shall, by order, fix a time not less than [thirty-five] nor more than [sixty] days thereafter for hearing of the matter." Ibid. Both the

8

Supreme Court and we have recognized that hearings are required when the petition requires the trial court to balance "the risks and benefits to the public of allowing or barring expungement" with the desire and interest of the applicant. See In re Kollman, 210 N.J. 557, 577 (2012); In re M.D.V., 465 N.J. Super. 194, 199 (App. Div. 2020). In that regard, we have explained that the Act serves a remedial purpose and in appropriate circumstances a hearing is required, so that the trial court can weigh the enumerated factors in the Act to see if they establish the proofs presented at the hearing. In re M.D.V., 465 N.J. at 199 (first citing In re Kollman, 210 N.J. at 574-77; and then citing N.J.S.A. 2C:52-9).

Our review of the record in this matter satisfies us that petitioner is entitled to a hearing. Before issuing the February 27, 2023 order, the court did not have the benefit of receiving petitioner's response to the State's objections.

Although the trial court thereafter appropriately reconsidered the matter, the court erred in not granting a hearing given the contested proofs. The trial court denied the petition on one ground: the need for the availability of petitioner's criminal record. See N.J.S.A. 2C:52-14(b). That ground for denial, however, requires a weighing of the need for availability of records and proofs that the need "outweighs the desirability of having a person freed from any disabilities." Ibid. Given the proofs submitted by petitioner, the court needed

to conduct an evidentiary hearing to determine if the petition should be granted or denied.

Petitioner made a compelling argument that he has not only lived a law-abiding life since 2013, but he has devoted himself to public service. He has also submitted proofs that his criminal record is well-known and he himself often openly discusses his past criminal record. The State did not submit any proofs refuting petitioner's representations. Consequently, the grounds under subsection 14(b) of the Act cannot be established in this matter without a fact-finding hearing. N.J.S.A. 2C:52-14(b).

Accordingly, we vacate the February 27, 2023 and the August 7, 2023 orders and remand with the direction that the expungement petition be fully considered at an evidentiary hearing. Because the judge who issued the February 27, 2023 and August 7, 2023 orders has already formed a view on the petition, we also direct that the matter be considered by a different judge.

Reversed, vacated, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

10

A-0192-23